UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-CR-060 |
| Plaintiff, | : | JUDGE BARRETT |
| v. | : | **PLEA AGREEMENT** |
| DAVID KEMP, | : | |
| Defendant. | : | [FILED UNDER SEAL] |

The United States Attorney's Office for the Southern District of Ohio (USAO) and the Defendant, **DAVID KEMP**, individually and through counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, agree as follows:

1. **Offense of Conviction**: The Defendant, **DAVID KEMP**, agrees to waive Indictment and plead guilty to a Superseding Information, charging him with 1 count of Distribution and Attempted Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and that he will not withdraw his plea. The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

2. **Elements of the offense**: The elements of the offense to which the Defendant has agreed to plead guilty are as follows:

   Count 1 (Distribution and Attempted Distribution of a Controlled Substance)

   a) The Defendant knowingly distributed, or attempted to distribute, a controlled substance; and

   b) The Defendant knew at the time of distribution, or attempted distribution, that the substance was a controlled substance.

3. **Penalties**: The statutory penalties for Count 1 are as follows:

   a) Not less than five (5) years and not more than forty (40) years imprisonment, a term of supervised release at least 4 years and a fine not to exceed $5,000,000.00;

   b) Restitution;

   c) Forfeiture; and

   d) A mandatory special assessment of $100.00 due prior to sentencing.

4. **Waiver of Rights**: The Defendant understands that he has the following rights:

a) To be charged by indictment by a grand jury;

b) To plead not guilty;

c) To have a trial by jury;

d) To be assisted by counsel during such trial;

e) To confront and cross-examine adverse witnesses;

f) To testify, if so desired, and to present evidence and compel the attendance of witnesses;

g) To not be compelled to testify or present evidence, and to not have these decisions held against the Defendant;

h) To be presumed innocent throughout trial and until a jury finds proof of guilt beyond a reasonable doubt; and

The Defendant further understands that if the Court accepts his guilty plea pursuant to this plea agreement, there will be no trial and he waives these rights.

5. **Applicability of Advisory Sentencing Guidelines:** The Defendant understands that in determining a sentence, the Court has an obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the United States Sentencing Guidelines ("U.S.S.G."), and other sentencing factors under 18 U.S.C. § 3553(a).

6. **Factual and Advisory Guidelines Stipulation:** The parties agree to the Statement of Facts set forth in Attachment A, and incorporate it here by reference. The parties further agree that the Statement of Facts provide the factual basis for the Defendant's plea, and to the following advisory sentencing guideline factors:

a) The USAO does not oppose a 2 level reduction in offense level pursuant to U.S.S.G. § 3E1.1 based upon the Defendant's acceptance of responsibility, provided that the Defendant's conduct continues to demonstrate compliance with the terms of § 3E1.1.

b) The Defendant may be entitled to an additional 1 level decrease pursuant to U.S.S.G. § 3E1.1(b) in recognition of the Defendant's timely notification of his intention to plead guilty. The Court maintains discretion to determine all other aspects of the sentence.

7. **Obligations of the USAO:** The USAO will dismiss the Indictment and Superseding Indictment pending against the Defendant as well as the attachment of the prior conviction.

8. **Waiver of Appeal:** In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under "18 U.S.C. § 3582". However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

2

9. **Freedom of Information Act**: The Defendant waives all rights under the Freedom of Information Act relating to the investigation and prosecution of him and agrees not to file any request for documents.

10. **Acceptance of Plea Agreement**: The Defendant understands that the Court is not bound by the sentencing recommendations or stipulations of the parties and that it is within the sole discretion of the Court to impose the sentence in this case.

11. **Violation of Plea Agreement**: The Defendant agrees to abide by terms of this agreement, including all of the conditions listed in U.S.S.G. § 3E1.1. The Defendant understands that in the event he violates this agreement, the USAO will be relieved of all of its obligations under this agreement and may institute any charges or sentencing recommendations that would otherwise be prohibited by this agreement, and the Defendant will not be relieved of any of his obligations under the plea agreement. Further, the Defendant understands and agrees that if he violates this agreement or it is voided for any reason, the Defendant waives all defenses based upon the statute of limitations and the Speedy Trial Act as to any charges that are part of the same course of criminal conduct described in the Indictment.

    In the event that the Defendant violates his plea agreement or the plea is later withdrawn or voided by him, the Defendant waives protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, and § 1B1.8(a) of the United States Sentencing Guidelines. Any statements made by the Defendant in the course of plea discussions, in any proceeding pursuant to Fed. R. Crim. P. Rule 11, and during any attempted cooperation with law enforcement authorities will be admissible against the Defendant without limitation in any civil or criminal proceeding.

12. **Defendant's Acknowledgment**: The Defendant acknowledges that he has read and understands this plea agreement; that he accepts this plea agreement knowingly and voluntarily and not as a result of any force, threats, or promises, other than the promises in this plea agreement; that he has conferred with his attorney regarding this plea agreement and the facts and circumstances of his case, including the applicable law and potential defenses, and that he is fully satisfied with the representation, advice, and other assistance of his attorney in this case.

13. **Entire Agreement**: This agreement, along with the sealed supplement, is the complete agreement of the parties. It supersedes all other promises, representations, understandings, and agreements between the parties.

DAVID M. DeVILLARS
United States Attorney

TIMOTHY D. OAKLEY (0039965)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711; Fax: (513) 684-6385

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, I voluntarily agree to it, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

2-11-21  
Date

*[signature]*  
DAVID KEMP  
Defendant

I am **DAVID KEMP**'s attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

2-11-21  
Date

*[signature]*  
WILLIAM WELSH (0059973)  
Attorney for DAVID KEMP

4

## ATTACHMENT A:

## STATEMENT OF FACTS

*The United States and Defendant* **DAVID KEMP** *stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt. They further stipulate and agree that these are not all of the facts that the United States would prove if this case had proceeded to trial.*

On or about May 14, 2019, in the Southern District of Ohio, the defendant, David Kemp aka Powder, did knowingly and intentionally distribute a controlled substance, that being fentanyl, a Schedule II controlled substance.

Specifically, on or about the date in the Superseding Information the defendant sold a mixture containing fentanyl weighting approximately 2 ounces to another individual. The drugs were later tested by the Hamilton County Coroners office and were found to weigh a total of 56.29 grams, of fentanyl a Schedule II controlled substance.

I have read the statement of facts and have carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_02-11-21_
Date

_[signature]_
DAVID KEMP
Defendant

I am **DAVID KEMP**'s attorney. I have carefully reviewed the Statement of Facts with him.

_2-11-21_
Date

_[signature]_
WILLIAM WELSH (0059973)
Attorney for DAVID KEMP

5